IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK CHRISTIAN STOECKLEIN,           )
                                      )
         Plaintiff,                   )
                                      )
      v.                              )  Civil Action No. 13-1656
                                      )
CAROLYN W. COLVIN, ACTING             )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
         Defendant.                   )

O R D E R

AND NOW, this 5th day of March, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to acknowledge or discuss whether Plaintiff should be assigned to the next higher age category in assessing his alleged disability under 20 C.F.R. § 404.1563(b). Plaintiff claims that this is a borderline age situation, pursuant to that statute, because he was just over six months short of his 50th birthday on the "date last insured." The Court disagrees and finds no merit in Plaintiff's argument that the case should be remanded to the ALJ for further consideration.

It should first be noted that the Commissioner of Social Security ("Commissioner") has promulgated the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the "Grids"), to assist in determining whether a claimant is disabled. The Grids reflect the analysis of various considerations, including the claimant's physical abilities, age, education, and work experience, and direct a finding of disabled or not disabled based on the combination of these factors. However, where a claimant has non-exertional limitations, as well as exertional ones, an ALJ cannot rely solely on the Grids to make his or her disability finding. See Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000).

In this case, the ALJ explained how the Grids are used in the evaluation process, stating that "[w]hen the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, [the Grids] are used as a framework for decisionmaking unless there is a rule that directs a conclusion of 'disabled' without considering the additional exertional and/or nonexertional limitations." (R. 42 (citing SSR 83-12, 1983 WL 31253; SSR 83-14, 1983 WL 31254)). In that regard, although the ALJ found Plaintiff to be a "younger person" pursuant to 20 CFR 404.1563, and though he noted that "if the claimant had the [RFC] to perform the full range of sedentary work, a finding of 'not disabled' would be directed by [the Grids]," he also found that Plaintiff's "ability to perform all or substantially all of the requirements of this level of work was impeded by additional limitations." (R. 42). Therefore, because the ALJ found that Plaintiff had additional non-exertional limitations, he did not rely solely on the Grids. Instead, the ALJ questioned a vocational expert ("VE") in order to "determine the extent to which these limitations erode the unskilled sedentary occupational base," and he relied upon that testimony in making his ultimate determination. (R. 42-43). Specifically, at the administrative hearing, the ALJ instructed the VE to consider Plaintiff's age, education, work experience and RFC. The VE testified that, given all of these factors, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as companion, packer, and office helper. (R. 42-43). The ALJ consequently found that Plaintiff was not disabled. (R. 43). Plaintiff claims that because his age was just over six months short of the next age category, which, under the Grids, would have led to a finding of disabled, the ALJ should have considered his case to be a borderline age situation. He asserts that the ALJ erred in failing to acknowledge or address whether the next higher age category ("person closely approaching advanced age") should have been used instead.

According to Section 404.1563(b), the Commissioner "will not apply the age categories mechanically in a borderline situation." 20 C.F.R. § 404.1563(b). Further, if a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled, [the Commissioner] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case." Id. In borderline situations, the ALJ "cannot mechanically apply the Grids' age categories, but must 'give full consideration to all relevant facts.'" Lucas v. Barnhart, 184 Fed. Appx. 204, 206 (3d Cir. 2006) (quoting Kane v. Heckler, 776 F.2d 1130, 1133-34 (3d Cir. 1985)).

The regulations, however, do not proceed to define the term "few," and courts, including this Court, have held that there is no brightline rule defining what constitutes a borderline situation. See Holland v. Comm'r of Soc. Sec., No. 10-1019, 2012 WL 11052, at *1 (W.D. Pa. Jan. 3, 2012) (presenting a fact situation strikingly similar to that of this case, in which the claimant was also represented by the same attorney as in this case, and in which the same "borderline" argument was presented to the Court) ; Vaughn v. Astrue, 2011 WL 1628031, at *5 (W.D. Pa. Apr. 28, 2011). Although the Third Circuit has held that various periods of time between a claimant's birthday and the cutoff date for an age category can qualify as a borderline situation, it has declined to establish any precise rules for making this determination. See Kane, 776 F.2d at 1130 (48 days); Lucas, 184 Fed. Appx. at 204 (106 days). Thus, because both the Commissioner and the courts have had ample opportunity to specify a cutoff for borderline situations, but have chosen not to do so, "it would appear that courts should consider not only the amount of time between a claimant's age and the cutoff for the next age category, but the surrounding circumstances as well." Holland, 2012 WL 11052, at *1 n.1.

In the present case, after consideration of all the surrounding circumstances, there is no indication that this case presents a borderline situation. First, Plaintiff was more than six months away from reaching an older age category. Although some courts have found five months to constitute a "few" months, this Court previously found that, "at best, five months would be at the outer limits of any reasonable definition of 'few.'" Id. Just as importantly, the ALJ did not rely upon the Grids in finding Plaintiff to be not disabled. Although he mentioned that the Grids could be used as a framework, the ALJ instead ultimately relied on the VE's testimony in making his disability determination. Rather than "mechanically" applying the Grids based on Plaintiff's status as a younger person, in actuality, the ALJ relied on the VE's testimony which considered Plaintiff's actual age and all of his limitations. Moreover, the Hallex, in interpreting Section 963(b) and setting forth the procedure an ALJ is to use to properly determine whether a borderline situation exists, instructs an ALJ to determine whether additional vocational adversities exist in determining which age category to use. See Hallex, II-5-3-2. In this case, there are no such adversities in the record.

As in Holland, this case is also similar to Roberts v. Barnhart, 139 Fed. Appx. 418 (3d Cir. 2005). The claimant in Roberts, at 49 years old, was 5-6 months short of her 50th birthday, and the ALJ found her to be a younger individual pursuant to the regulations. As in this case, the ALJ in Roberts did not merely apply the Grids, but consulted a VE since the claimant was unable to perform a full range of light work. On appeal, the Third Circuit affirmed the district court's

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 6) is DENIED and Defendant's Motion for Summary Judgment (Document No. 8) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf: Counsel of record

---

judgment that substantial evidence supported the ALJ's conclusion that the claimant was not disabled and dismissed claimant's argument that she was entitled to reclassification at a higher age category. The Court explained that there is no "authority extending the benefits of a 'borderline' age determination to persons like [claimant] who are within five (5) to six (6) months of their fiftieth birthday," and, "[i]n any event, substantial evidence, including the unrefuted evidence provided by the vocational expert, supports the ALJ's conclusion that [claimant's] age was not a factor significantly limiting her vocational adaptability." Id. at 420. As in both Roberts and Holland, the same situation exists in the present case.

Finally, in accordance with this Court's previous holding in Holland, the Court does not hold that six months per se constitutes a non-borderline situation. Rather, under the facts of this particular case, and emphasizing the fact that the ALJ relied upon a VE and the fact that no additional vocational adversities are present in the record, no borderline situation exists here. Thus, the ALJ did not err in failing to acknowledge and discuss whether Plaintiff should be considered to be a person closely approaching advanced age, and, therefore, there is no need to remand this case for further consideration. Accordingly, the Court affirms.